FILED
November 14, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003899640

5

HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for
SUSAN DIDRIKSEN
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

| | |
|---|---|
| In re<br><br>ROBERT KIRK BARNARD and<br>SHELLEY ANN BARNARD,<br><br>Debtors | Case No.: 11-32647-C-7<br>DC No: HSM-003<br>Date: December 6, 2011<br>Time: 9:30 a.m.<br>Place: 501 I Street<br>Sacramento, CA<br>Ctrm. 35, 6th Flr.<br>Judge: Christopher M. Klein |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF ESTATE ASSETS (2002 GMC YUKON AND 2000 FORD RANGER)**

SUSAN DIDRIKSEN, the duly appointed Chapter 7 Trustee in the pending bankruptcy case of ROBERT KIRK BARNARD and SHELLEY ANN BARNARD (the "Debtors"), Case No. 11-32647-C-7, by and through her counsel, Hefner, Stark & Marois, LLP ("Counsel"), files this Motion (the "Motion") for Order Authorizing Sale of Estate Assets (2002 GMC Yukon and 2000 Ford Ranger) (the "Assets"), as follows:

1. This case was filed as a voluntary Chapter 7 case on May 20, 2011. The Trustee was appointed as the Chapter 7 Trustee on May 23, 2011, and has at all relevant times served in that capacity.

2. Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. sections 157 and 1334; 11 U.S.C. section 363; Federal Rule of Bankruptcy Procedure 6004; and the

1

reference to this court by the District Court for the Eastern District of California.

3. The Assets sought to be sold through this Motion, consist of two vehicles described below that were inherited by Shelley Barnard shortly after the commencement of this bankruptcy case:

    a. One (1) 2002 GMC Yukon; and

    b. One (1) 2000 Ford Ranger.

4. The Trustee and the Debtors agree that the Assets are property of this estate subject to administration by the Trustee.

5. In response to the Trustee's request for further information regarding the Assets, the Debtor informed the Trustee that the 2002 GMC Yukon has 48,034 miles. Based on the Debtors' opinion, this vehicle is in fair condition and, according to the values set forth in the Kelley Blue Book, has a current fair market value of $11,893.00. One of the key factors relevant to this vehicle is that it had been lowered and altered to accommodate Shelley Barnard's father's disability. The Debtors wish to acquire this vehicle primarily because Robert Barnard, one of the Debtors, is now quite ill and this vehicle would be of benefit to the Debtors and their family.

6. The Trustee has independently investigated the likely value of the 2002 GMC Yukon and has concluded that the Debtors' valuation is appropriate.

7. The 2000 Ford Ranger has 52,778 miles on it. Based on the Debtors' opinion, this vehicle is in good condition and, according to the values set forth in the Kelley Blue Book, has a value of $4,942.00.

8. The Trustee has independently investigated the likely value of the 2000 Ford Ranger and has concluded that the Debtors' valuation of this vehicle also is appropriate.

9. The two vehicles have an aggregate value of $16,835.00.

10. In their Amended Schedule C filed in this case on June 20, 2011, the Debtors claimed as exempt the first $8,850.00 in the asset generally characterized as the inheritance. The Trustee does not dispute the Debtors' exemption in this regard. The non-exempt value in the Assets, therefore, is $7,985.00.

HEFNER, STARK & MAROIS, LLP
Sacramento, California

K:\Didriksen, Susan\In Re Robert & Shelley Barnard (7782-0007)\pldg mtn sale two vehicles (hsm-003).wpd

11. The Debtors have offered to purchase the Assets from this bankruptcy estate for the sum of $16,835.00, utilizing their wildcard exemption in the amount of $8,850.00 and a cash payment of $7,985.00 (the "Purchase Price"). The Trustee has accepted that offer, subject of course to court approval of this Motion and possible overbidding at the hearing on the Motion.

12. The sale of the Assets will be on an "as is," "where is," basis, with no representations or warranties, express or implied. The Assets have been the Debtors and remain in the Debtors' possession. The Debtors are in the best position to know the status of the Assets and to have formulated their purchase offer for same.

13. The Assets will be sold subject to any and all claims, liens or encumbrances, disclosed or undisclosed, that may affect or encumber the Assets.

14. The proposed sale of the Assets is subject to bankruptcy court approval through the granting of this Motion.

15. The proposed sale of the Assets is also subject to overbidding as may be made at the hearing on the Motion by qualified overbidders. The Trustee believes it is highly unlikely that any overbidders will appear at the hearing to bid on either of the Assets that are the subject of this Motion. In the event any overbidders do appear, however, the Trustee proposes that overbidding be conducted pursuant to the following suggested procedures:

   a. Any persons or entities wishing to bid on the Assets shall be required to first become a qualified overbidder ("Qualified Overbidder");

   b. Any person or entity wishing to become a Qualified Overbidder must, no later than two (2) business days prior to the hearing on this Motion, deliver to the Trustee a non-refundable deposit in the amount of $16,835.00 (the "Overbidder Deposit"), in the form of a cashier's check or money order made payable to "SUSAN DIDRIKSEN, Chapter 7 Trustee of the Robert and Shelley Barnard Bankruptcy Estate," which will be applied to the purchase price for the Assets if the overbidder is the successful purchaser following the hearing on the Motion;

   c. The Trustee proposes that the initial overbid by a qualified bidder be not

3

K:\Didriksen, Susan\In Re Robert & Shelley Barnard (7782-0007)\pldg mtn sale two vehicles (hsm-003).wpd

less than $17,500.00, with successive overbids in increments of $250.00 or greater;

    d.    If the successful overbidder fails to consummate the sale or otherwise breaches its obligations and/or covenants to the Trustee and the estate, the Overbidder Deposit shall be retained and administered as an asset of the estate. In the event that a Qualified Overbidder is not the successful overbidder on the Assets, or if this Motion is not approved by the Court, the Overbidder Deposit shall be refundable and shall be returned by the Trustee to the Qualified Overbidder;

    e.    If the Debtors are the high bidders, they shall pay the greater of their high bid or the agreed-upon Purchase Price for the Assets;

    f.    If a third party outbids the Debtors, and the Trustee receives full payment for the Assets within five (5) calendar days after entry of the Court's order approving this Motion, or at such other time as the Court may provide, the agreement described herein between the Debtors and the Trustee shall be of no further effect. The third party high bidder must purchase the Assets on identical terms to those set forth in this Motion, subject to any modifications ordered by the Court. In particular, any third party high bidder will take the Assets subject to any and all claims, liens or encumbrances; and

    g.    If full payment from the high bidder is not received within five (5) calendar days after entry of the Court's order approving this Motion, the Debtors shall be obligated to pay their highest bid for the Assets.

16.    For convenience, the Trustee proposes that Qualified Overbidders not be permitted to bid on the Assets individually. A sale of each vehicle individually may delay the anticipated realization on the Assets and unnecessarily increase administrative expenses in this relatively small case. The Trustee has specifically accepted the Debtors' proposal to purchase both vehicles in one transaction in order to bring about an efficient resolution of the Assets.

17.    In light of (I) the used condition of the Assets; (ii) the Debtors' willingness to accept the Assets "as is"; and (iii) the Debtors' willingness to purchase the estate's interests in the Assets subject to any and all liens and encumbrances, disclosed and undisclosed, the

Trustee has concluded that the Purchase Price and the other terms of the sale are fair and reasonable and in the best interests of the estate and its creditors. The public auction aspect of this Motion is designed to elicit higher offers from interested parties.

18. The Trustee submits that the sale of the Assets on the terms outlined in this Motion is in the best interests of the estate and its creditors. Selling the non-exempt Assets back to the Debtors at a fair market price is desirable on a number of levels, including the savings to the estate of paying for storage costs, possible repair costs, and sales expenses.

19. Moreover, the Debtors have either already paid the Purchase Price to the Trustee or are in the process of doing so.

20. Finally, so that the proposed sale may be consummated as quickly as possible, the Trustee requests that the 14-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure be waived.

**WHEREFORE,** the Trustee, respectfully requests the Court enter an order authorizing the sale of the Assets: 1) pursuant to the terms of the Motion, or as otherwise ordered by the Court; 2) on an "as is," "where is," basis, with no representations or warranties, express or implied; 3) with a waiver of the 14-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; 4) with the Trustee retaining as funds of the estate all net sale proceeds for subsequent distribution in accordance with the Bankruptcy Code and orders of the court; and 5) authorizing the Trustee to take such further actions and execute such documents as are necessary to consummate the proposed sale.

Dated: November 14, 2011                    HEFNER, STARK & MAROIS, LLP

                                            By  *Howard S. Nevins*
                                            Howard S. Nevins, Attorneys for
                                            SUSAN DIDRIKSEN, Chapter 7 Trustee